No. 199

## HUMES v. COLUMBUS RY. P. & L. CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1311. Decided Dec. 2, 1925

**301. CONTRIBUTORY NEGLIGENCE—1. Where it appears in plaintiff's own evidence, it becomes a material issue, although not specially pleaded.**

**2. Where plaintiff's evidence is pleaded as a defense, is duty of the court to explain to the jury, the effect of plaintiff's evidence in the event that it was the sole or a contributing cause of the injury.**

BY THE COURT.

Charles Humes brought suit against the Columbus Railway, Power and Light Co. in the Franklin Common Pleas for the purpose of recovering damages for injuries claimed to have been sustained by him due to the Company's negligence. The cause of action grew out of a collision with a street car of the company, and Hume's automobile, when he undertook to turn across the railway tracks at which point the collision occurred.

The case in the lower court resulted in a verdict and judgment in favor of the Company. Upon the overruling of the motion for a new trial, error was prosecuted and Humes claimed that there was error in the admission in evidence of certain ordinances not pleaded; the court erred in the charge with reference to the non-pleaded ordinances; error in the charge of the court; and in refusing to give certain interrogatories. The Court of Appeals held:

1. There was no prejudicial error in admitting the ordinances in evidence, although not specially pleaded.

2. The rule is that ordinances governing traffic may, if material, be offered in evidence.

3. Humes claims that the violation of such ordinances was negligence per se. This shows that it relates to the charge of negligence contained in the petition. If there was any doubt as to his applicaion, the burden was upon Humes to have objected specifically or requested a clarifying charge.

4. It is urged that the court charged on contributory negligence, the answer of the Company sets out Humes' negligence as a defense; and the court, under this pleading, had the right to explain to the jury the effect Humes' negligence would have under the state of facts disclosed by the evidence.

6. Where contributory negligence appears in plaintiff's evidence it becomes a material issue; and where such evidence is pleaded as a defense, jury should have explained to it, the effect of plaintiff's evidence in the event that plaintiff's evidence was the sole cause of the injury; and that it was a contributing cause of the injury.

7. It is evident from the interrogatories and the answers thereto that the jury must have found in favor of the Company upon Humes' charge of negligence.

8. The verdict is not contrary to the manifest weight of the evidence.

Judgment affirmed.

Attornyes—F. S. Monnett and J. K. Stevenson for Humes; Johnson, Sharp, Schooler & Toland for Company; all of Columbus.

---

No. 200

## DAVIS, Dir. v. CASCIOLI

Ohio Appeals, 9th Dist., Summit Co.

No. 1060. Decided Dec. 14, 1925

**475. ESTOPPEL—The doctrine of estoppel cannot be invoked against a common carrier of interstate shipment when said carrier attempts to recover payment of an undercharge for freight carried.**

PARDEE, P. J.

The B. & O. Rd. Co. through error, made an undercharge in a shipment from California of which shipment Rocco Cascioli was the consignee. Cascioli sold the goods received in this shipment, basing his selling price on the actual freight paid. When the error was discovered, demand was made for payment of the undercharge. Cascioli refused payment.

The case was tried in the Akron Municipal Court on an agreed statement of facts. Cascioli contended that the company was estopped from maintaining this cause of action. The Municipal Court upheld this contention. Error was prosecuted to Summit Common Pleas, which affirmed the opinion of the Municipal court. Error was prosecuted to this court and the Court of Appeals held:

Altho Cascioli has made out a clear case of estoppel "the doctrine of estoppel cannot be invoked by the consignee of an interstate shipment against the right of the carrier, under the equal rates requirement of the Interstate Commerce Act, to recover the difference between the freight charges erroneously specified in the waybill and paid by the consignee upon receipt of the goods, and the larger amount due under the applicable published rates."

Judgment reversed.

Attorneys—R. M. Cobbs and Waters, Andress, Southworth, Wise and Maxon for Director General; V. A. Marco and Paul Poling for Cascioli; all of Akron.